IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JACQUELINE ESTRADA SANTANA

Debtor

_____

JACQUELINE ESTRADA SANTANA

Plaintiff

V.

BANCO POPULAR DE PUERTO RICO; ASOCIACION DE RESIDENTES DE CAMINO SERENO, INC.; WIGBERTO LUGO MENDER as Chapter 7 Trustee

Defendants

CASE NO. 18-03259 (MCF)

CHAPTER 7

ADVERSARY CASE NO. 23-00056

## OPINION AND ORDER

Before the Court is a motion to dismiss the instant adversary proceeding filed by co-defendant Banco Popular de Puerto Rico (hereinafter "BPPR") (Docket No. 26) and an opposition filed by the plaintiff Jacqueline Estrada Santana (hereinafter "Plaintiff") (Docket No. 30).  For the reasons stated herein, the motion to dismiss is denied.

I.      POSITIONS OF THE PARTIES

In the complaint for a declaratory judgment, Plaintiff seeks a determination that BPPR's claim should be considered unsecured and dischargeable.[1]  Plaintiff asserts that Mortgage Deed Number 218 executed on October 13, 2013, in favor of BPPR, was rejected by the Registrar of the

_____

[1] Plaintiff also seeks a determination that Asociacion de Residentes de Camino Serrano, Inc.'s claim should be considered unsecured and dischargeable as well.

-1-

Property and that the same was not "presented again" within the prescription period to do so for which BPPR's claim should be deemed unsecured and dischargeable.[2] Plaintiff, in support of her assertions, submits with the complaint a title search of her property.

BPPR moves to dismiss the complaint pursuant Fed. R. Civ. P. 12(b)(6) asserting that the compliant fails to state a claim upon which relief can be granted. BPPR avers that Plaintiff's complaint is premised on an erroneous and unofficial title search and that Mortgage Deed Number 218 was never rejected by the Property Registry. Furthermore, it alleges that any defects notified in connection thereto by the Registrar were corrected within the corresponding entry and/or within the terms proscribed by law (Docket No. 26). In support of its allegations, Banco Popular submits with its motion a certification from the Registry of the Property.

Plaintiff opposes dismissal stating that Mortgage Deed Number 218 was in fact notified and rejected by the Property Registrar in 2021. However, this would require a new deed presentation which would be precluded by the Discharge Order in Plaintiff's bankruptcy case (Docket No. 30).

## II.    GOVERNING LAW AND ANALYSIS

### A. Standard for motion to dismiss under Civil Rule 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, **not to weigh the evidence which the plaintiff offers or intends to offer**. Velez-Arcay v. Banco Santander de P.R. (In re Velez-Arcay), 499 B.R. 225, 230 (Bankr. D.P.R. 2013)(Our emphasis). Rule 8(a)(2) of the Federal Rules of Civil Procedure applicable to adversary proceedings through Fed. R. Bankr. P. 7008, mandates that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[2] On September 17, 2018, Plaintiff received a discharge in the Chapter 7 case number 18-03259.

8(a)(2). "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter." Surita Acosta v. Reparto Saman Inc., 464 B.R. 86, 90 (Bankr. D.P.R. 2012). Therefore, to survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The Twombly standard was further developed in Ashcroft v. Iqbal, 556 U.S. 662 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual." Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

**B.  Puerto Rico Mortgage Law**

To determine whether the recorded mortgage constitutes a valid lien over the Debtor's property, the Puerto Rico Civil Code imposes essential requirements for a mortgage to exist: 1) constituted to fulfill a principal obligation; 2) the property is owned by the person who

mortgages it; 3) that the mortgagor has free disposition of the property; and 4) the deed must be presented and recorded in the property registry. 31 L.P.R.A. §§ 8671-8673, 8731 & 8734.[3] These requirements have remained unaltered since the approval of the Puerto Rico Civil Code of 1930, which was replaced by the Puerto Rico Civil Code of 2020.

The property registry is governed by the Puerto Rico Property Registry Act of 2015, which repealed the Puerto Rico Mortgage and Property Registry Act of 1979. 30 L.P.R.A. §§6001-6561. However, the mortgage at issue in this case was executed in 2013, and therefore is governed by the Mortgage and Property Registry Act of 1979. See Bautista Cayman Asset Co. v. Estate of Maldonado-Morales, *No. 16-1041CCC, 2017 U.S. Dist. LEXIS 129880, 2017 WL 3534994, at \*5 n.2 (D.P.R. Aug. 15, 2017)*(recognizing that mortgage executed in 2011 was governed by the Mortgage and Property Registry Act of 1979). Under the 1979 Mortgage Law, a mortgage is "validly constituted" only if it is "stipulated in a deed" that is "recorded in the Property Registry." Miranda v. Banco Popular de P.R. (In re Mercado), 599 B.R. 406, 419 (B.A.P. 1st Cir. 2019) (referring to *P.R. Laws Ann. tit. 30, § 2607)*. The "recording is a 'constitutive' act for a mortgage, and without the existence of a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt." Soto Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 121 (1st Cir. 2011).

As to the registration date, the Puerto Rico Supreme Court has expressed that "according to article 53 of the Mortgage Law, 30 L.P.R.A. sec 2256, "[registered titles shall become effective for third parties from the date of their registration." The Law also provides: "[f]or all intents and purposes, the [presentation] date… must appear in the registration itself." Gasolinas de Puerto Rico v. Richard F. Keeler Vazquez, 155 D.P.R. 652, 675 (P.R. 2001). However, entry of presentation

---

[3] Articles 1756 & 1774 of the Puerto Rico Civil Code of 1930 were in effect when the Debtor executed the mortgage deed. 31 L.P.R.A. §§ 5001 & 5042 (repealed).

expires where notified defect is not seasonably corrected. Soto Rios, 662 F.3d at 125-26 (referring to *P.R. Laws Ann. tit. 30, § 2255)*.

### III. APPLICATION OF THE LAW

Turning to the motion to dismiss, BPPR asserts that Plaintiff's complaint is premised on an erroneous and unofficial title search that incorrectly states that BPPR's mortgage was rejected by the Property Registrar in 2021. Thus, BPPR casts doubts on the evidence presented by Plaintiff with her complaint by submitting extrinsic evidence with its motion to dismiss.

In a review of a motion to dismiss pursuant Rule 12(b)(6), the court examines the allegations of the complaint and any attachments to the complaint. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71-72 (1st Cir. 2017). The focus entails whether the complaint contains sufficient factual material setting forth a right to relief above the speculative level, not whether the plaintiff will prevail. Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12-13 (1st Cir. 2011). A defendant should not attach extrinsic evidence to its motion to dismiss because the court must decide the motion only on the averments of the complaint. Speaker v. United States Dept. of H&HS Ctrs. For Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010); see Fed. R. Civ. P. 12(d). If the court entertains the extrinsic evidence, then the motion to dismiss must be converted into a motion for summary judgment under Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(d). The court declines to convert the motion to dismiss or to consider BPPR's Certification from the Registry of Property on a motion to dismiss. Consequently, the correct procedural vehicle for BPPR to ask for the court's consideration of evidence not included with the complaint is a motion for summary judgment once the discovery has been completed. As to the document submitted by Plaintiff, at this early stage of the procedures, this court will not weigh the evidence which the Plaintiff offers or intends to offer.

The Plaintiff avers that BPPR's claim should be deemed unsecured and dischargeable

-5-

insomuch as Mortgage Deed Number 218 in favor of BPPR was rejected by the Registrar of the Property and that the same was not "presented again" within the prescription period. As previously discussed, in Puerto Rico a mortgage is validly constituted only if contained in a valid deed that is recorded in the Property Registry. The date of registration will be considered for all purposes the date of presentation. However, when the property registrar issues a notification of defect, the entry of presentation expires if the notified defect is not timely corrected. This is exactly Plaintiff's assertion in her complaint - that the property registrar notified a defect which was not timely corrected by BPPR; therefore, the claim should be deemed unsecured and discharged.

IV.     CONCLUSION

Assuming the veracity of Plaintiff's well-pleaded factual allegations in relation to the expiration of the notification of defect without timely correction of the same, this court finds that that Plaintiff's claim for relief is plausible and should not be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

WHEREFORE, IT IS ORDERED that Defendant's motion to dismiss is denied. The Defendant is ordered to answer the complaint on or before January 19, 2024.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of December, 2023.

Mildred Caban

Mildred Caban Flores
United States Bankruptcy Judge