**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | Case No. 18-03259 MCF7 |
| JACQUELINE ESTRADA SANTANA | |
| Debtor | Adv. Proc. No. 23-00056 (MCF) |
| JACQUELINE ESTARADA SANTANA | |
| Plaintiff | |
| v. | |
| BANCO POPULAR DE PUERTO RICO; ASOCIACION DE RESIDENTES DE CAMINO SERENO INC., WIGBERTO LUGO MENDER, CHAPTER 7 TRUSTEE | |
| Defendants | |

**OPINION AND ORDER**

Upon the review of Plaintiff Jacqueline Estrada Santana's ("Debtor") motion requesting dismissal of the present adversary proceeding without prejudice and Banco Popular de Puerto Rico's ("BPPR") objection, the court grants the voluntary dismissal of the case without prejudice and without the imposition of costs and attorney's fees (Docket Nos. 99, 101, 105 & 107).

Debtor filed this adversary proceeding seeking a declaratory judgment that BPPR's claim is unsecured. In summary, Debtor asserted that Mortgage Deed Number 218 executed on October 13, 2013, in favor of BPPR, was rejected by the Registrar of the Property and that the same was not corrected and "presented again" within the prescription period to do so. Consequently, BPPR's claim should be deemed unsecured and dischargeable.

After the complaint was filed and served, BPPR requested the dismissal of the case and supported its request with a certification from the Property Registry dated June 8, 2023, in which the mortgage deed appeared recorded. The certification does not reflect a defect notification (Docket No. 26). Debtor replied by submitting a title search dated November 21, 2022, which

informs defect notifications on her purchase and mortgage deeds with a prescription due date of October 6, 2021 (Docket No. 30). The title search makes no reference to any subsequent presentation.

On October 2, 2024, Debtor moved the court for an order dismissing the present adversary proceeding without prejudice. Debtor asserts that BPPR's mortgage lien "appears as registered," that the complaint has taken "a more complicated turn" and that the case "has proven costly" (Docket No. 99). BPPR opposes the dismissal without prejudice and requests that such a dismissal be conditioned to an award for costs and attorney's fees in the amount of not less than $10,000.00 to be paid by the Debtor (Docket No. 101). In support to its request, BPPR asserts that after the filing of the compliant it provided Debtor with irrefutable evidence demonstrating that the mortgage was duly recorded and that despite that, Debtor insisted on continuing with the case.

Rule 41(a) of the Federal Rules of Civil Procedure, applicable in adversary proceedings pursuant Bankruptcy Rule 7041, governs voluntary dismissals. Rule 41(a)(1) permits a plaintiff to voluntarily dismiss an action without prejudice and without a court order at any time before the opposing party serves either an answer or a motion for summary judgment or by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1). Once an answer or a summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Such a voluntary dismissal upon order of the court is also deemed without prejudice unless otherwise specified by the court. _Arias v. Cameron_, 776 F.3d 1262, 1268 (11th Cir. 2015).

The court has broad discretion in deciding whether to grant a motion for voluntary dismissal under Rule 41(a)(2). _McCants v. Ford Motor Co._, Inc., 781 F.2d 855, 857 (11th Cir. 1986). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." Id. at 856-57. The court may condition a Rule 41(a)(2) dismissal without prejudice on the payment of

reasonable fees and costs. *McCants*, 781 F.2d at 860. This remedy is appropriate where it is necessary to protect the nonmoving party's interests. *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991). The First Circuit stated that "(t)he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." <u>Puerto Rico Maritime Shipping Authority v. Leith</u>, 668 F. 2d. 46, 50 (1st Cir. 1981) (citing <u>LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976))</u>.

Even though there is evidence that the mortgage was recorded, this court does not favor BPPR's assertion that the present case is frivolous. Debtor obtained a title search that had a defect notification. Although there is a presumption of correctness as to the content of the Property Registry, the presumption may be challenged, rebutted and corrected in a court proceeding. The case, if it were to continue, we understand that it would be about whether there was a notification of defect by the Property Registrar and whether BPPR could correct a defect notified by the Registry when there was a discharge injunction in place. However, Debtor has chosen for economic reasons not to pursue a potential legal action against BPPR.

For the above stated reasons, Debtor's request for dismissal on Docket No. 99 is granted. Given that in the present case there appears to be a valid legal dispute, BPPR's request for an award of costs and attorney's fees of an amount not less than $10,000.00 is denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of March, 2025.

_____
HON. MILDRED CABÁN FLORES
United States Bankruptcy Judge